UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CHERYL ABERNATHY,
o/b/o S.O.D.,

         Plaintiff,

   v.                 **DECISION AND ORDER**
                               14-CV-387S

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

         Defendant.

---

   1.  Plaintiff, on behalf of her child, S.O.D., challenges an Administrative Law Judge's ("ALJ") determination that S.O.D. is not entitled to benefits under the Social Security Act ("the Act"). Plaintiff alleges that S.O.D. has been disabled since October 12, 2010, due to a conduct disorder and/or Oppositional Defiant Disorder, with the possibility of Attention-Deficit Hyperactivity Disorder (ADHD). S.O.D. is a special-education student and has been placed in a structured educational environment.

   2.  Plaintiff filed an application for Supplemental Security Income (SSI) benefits for S.O.D. on October 12, 2010. The Commissioner of Social Security denied the application on April 26, 2011. Plaintiff filed a written request for a hearing on May 26, 2011. Pursuant to Plaintiff's request, ALJ Timothy M. McGuan held an administrative hearing on May 15, 2012. The hearing was continued to September 11, 2012, at which time S.O.D. and Plaintiff testified. On September 26, 2012, the ALJ issued a decision denying S.O.D.'s claim. On March 28, 2014, the Appeals Council

denied Plaintiff's request for review. Thus, the ALJ's September 26, 2012 decision became the Commissioner's final decision.

3. On May 22, 2014, Plaintiff filed the current action challenging the Commissioner's final decision. On November 21, 2014, Plaintiff filed a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (Docket No. 10). Defendant followed suit with her own motion on January 20, 2015. (Docket No. 12). For the following reasons, Defendant's motion is granted and Plaintiff's motion is denied.

4. A court reviewing a denial of disability benefits may not determine de novo whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health and Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

5. "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence

must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988).  If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." Valente v. Sec'y of Health and Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

      6.     An individual under the age of 18 is considered disabled when he or she "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(C)(i).  The Commissioner has established a three-step sequential evaluation process to determine whether a child is disabled as defined under the Act. See 20 C.F.R. § 416.924.

      7.     The three-step process is detailed below:

> First, the [Commissioner] considers whether the child has engaged in any substantial gainful activity.  If not, the [Commissioner] next considers whether the claimant has a "severe" impairment or combination of impairments that cause "more than minimal functional limitations."  If the claimant has a "severe" impairment, the [Commissioner] must consider whether the claimant's impairment or combination of impairments is of listing-level severity, in that it meets, medically equals, or functionally equals the severity

listed impairment. See 20 C.F.R. § 416.924; see also 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listing of Impairments").

8. Where an impairment medically meets or equals a listed impairment, the child will be found disabled. 20 C.F.R. §§ 416.924(d)(1); 416.925. If a child's impairment or combination of impairments does not meet or equal a listed impairment, the ALJ must assess all functional limitations caused by the child's impairments in terms of six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating to others; (4) moving about and manipulating objects; (5) caring for self; and (6) health and physical well-being. 20 C.F.R. § 416.926(a),(b)(1). A child is classified as disabled if he or she has a "marked" limitation in two domains of functioning or an "extreme" limitation in one domain. 20 C.F.R. §§ 416.926a(d). A "marked" limitation exists when an impairment or the cumulative effect of impairments "interferes seriously with [the child's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2)(i)). An "extreme" limitation "interferes very seriously" with that ability. 20 C.F.R. § 414.926a(e)(3)(i).

9. After applying the three-step evaluation in this case, the ALJ concluded that S.O.D., who was 14 years old at the time of the decision, was an adolescent during the relevant period (R. at 27) and determined that (1) S.O.D. had not engaged in substantial gainful activity since October 12, 2010, the application date (R. at 27); (2) S.O.D.'s conduct disorder was a severe impairment (R. at 27); and (3) S.O.D. did not have an impairment or combination of impairments that met or medically equaled an impairment contained in the Listing of Impairments. (R. at 27). In assessing all functional limitations caused by the child's impairments in terms of the six domains, the

4

ALJ concluded that S.O.D.'s impairments did not functionally equal a listed impairment. The ALJ determined that S.O.D. did not have "marked" limitations in two domains or an "extreme" limitation in one domain of functioning. (R. at 27-36). Thus, the ALJ found that S.O.D. was not disabled and not entitled to benefits. (R. at 36-37).

10. Plaintiff challenges the ALJ's finding that S.O.D. does not have "marked" limitations in two domains. In Plaintiff's view, S.O.D. has "marked" limitations in the "interacting and relating to others" domain and "caring for oneself" domain.

As to the "interacting and relating to others" domain, the ALJ found that S.O.D. has a less than marked limitation (R. at 33). Plaintiff argues that the ALJ's finding is erroneous because it is not supported by substantial evidence due to the ALJ's failure to consider S.O.D.'s teachers' opinions in evaluating S.O.D.'s condition. In Plaintiff's view, the evidence from S.O.D.'s teachers supports a finding that Plaintiff has a "marked" limitation.

In this domain, the ALJ is required to consider how well a child initiates and sustains emotional connections and relationships with others. See 20 C.F.R. § 416.926a(i)(2)(v). The ALJ must observe how a child develops and learns a language, responds to criticism, and takes care of others' possessions. Id. Interacting and relating requires a child to be, *inter alia*, able to form intimate relationships with family members and friends her own age; participate in verbal turn-taking and nonverbal exchanges; consider others' feelings and points of view; follow social rules for interaction and conversation; and respond to others appropriately and meaningfully. See 20 C.F.R. § 416.926a(i)(1)(i-iii).

Having reviewed the ALJ's decision and the record evidence, this Court finds that substantial evidence supports the ALJ's finding. Contrary to Plaintiff's argument, the ALJ considered evidence from S.O.D.'s teachers, including Mr. Jonathan Miller. Teachers' assessments of children and their behavior are a valuable source in assessing impairment severity and function. See Archer ex rel. J.J.P. v. Astrue, 910 F.Supp.2d 411, 423 (N.D.N.Y. 2012). Although Miller found that S.O.D. had problems functioning in this domain, he did not find a marked limitation. (R. at 133). S.O.D. had only a slight problem making and keeping friends and interpreting the meaning of facial expressions. (R. at 133). And Miller could always understand S.O.D.'s speech when the topic of conversation was both known and unknown. (R. at 33, 134).

Notwithstanding Miller's conclusions, Plaintiff argues that teacher questionnaires completed by two of S.O.D.'s teachers---"English teacher" and "teacher"---support a finding of a marked limitation in this domain. S.O.D.'s unnamed English teacher determined that S.O.D. faced serious issues in the domain of "interacting and relating with others," but this teacher knew S.O.D. for only 10 days. (R. at 242). The unidentified "teacher" concluded that S.O.D. had no problem playing cooperatively with other children, making and keeping friends, and taking turns in a conversation. The teacher wrote, "[S.O.D.] seemed to get along with students." (R. at 250). Although the teacher also noted that S.O.D. had difficulty following directions and seeking attention appropriately, this observation alone does not support a finding of a marked limitation (R. at 250).

Finally, the ALJ's finding that S.O.D. had a less than marked limitation in the domain of "interacting and relating with others" is supported by the opinion of State

6

agency review physician Dr. T. Andrews. On February 9, 2011, Dr. Andrews opined that S.O.D. had less than marked limitations in the above domain. (R. at 223-238).

Consequently, this Court finds that the ALJ's determination that S.O.D. does not have a marked limitation in the "interacting and relating with others" domain is supported by substantial evidence in the record.

11. As to the "caring for oneself" domain, Plaintiff argues that the ALJ's finding is erroneous because the ALJ did not properly evaluate Dr. Andrews' opinion. Dr. Andrews found that S.O.D. had a "marked" limitation in the domain of "caring for oneself." Although it appears, as Plaintiff argues, that the ALJ may have improperly substituted his own lay opinion for that of Dr. Andrews, any error is harmless. As noted above, to establish disability, Plaintiff must demonstrate that S.O.D. had a marked limitation in *two* or more domains.[1] For reasons previously stated, the ALJ's finding that S.O.D. does not have a marked limitation in the domain of "interacting and relating with others" is supported by substantial evidence. Therefore, whether S.O.D. may have a marked limitation in the single domain of "caring for oneself" is inconsequential.

12. After carefully examining the administrative record, this Court finds that substantial evidence supports ALJ McGuan's decision, including the objective medical evidence and medical opinions contained therein. This Court is satisfied that ALJ McGuan thoroughly examined the record and afforded appropriate weight to all of the medical evidence in rendering his decision that Plaintiff is not disabled within the meaning of the Act. Finding no reversible error, this Court will grant Defendant's Motion for Judgment on the Pleadings and deny Plaintiff's motion seeking similar relief.

---

[1] There is no claim or finding that S.O.D. has an "extreme" limitation in any one domain.

IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings (Docket No. 12) is GRANTED.

FURTHER, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 10) is DENIED.

FURTHER, that the Clerk of Court shall CLOSE this case.

SO ORDERED.

Dated: July 30, 2015
      Buffalo, New York

                                /s/William M. Skretny
                              WILLIAM M. SKRETNY
                             United States District Judge